■ EDWIN B. DEXTER, as President of New York Council, Navy League of the United States, Appellant, v JAMES P. MCALLISTER et al., Respondents. — Order of the Supreme Court, New York County (Allen Murray Myers, J.), entered on April 28, 1983, which, *inter alia,* declared that the election of two specified individuals to fill unexpired terms as trustees shall be vacated only to the extent that either successor trustee continues to fill such unexpired term, is modified, on the law, to the extent of declaring that all candidates not succeeding themselves must be selected from among those names proposed by the nominating committee, that while the board of trustees must consider only those persons put forth by the nominating committee, it retains the authority to accept or reject such candidates and may request further nominations, and that the election of two individuals on or about December 11, 1981 to fill vacancies created by the deaths of Admiral John J. Bergen and Admiral John M. Will is hereby vacated, and otherwise affirmed, without costs or disbursements. Special Term concluded that defendant Board of Trustees of the New York Council Navy League Scholarship Fund must consider those candidates proposed by plaintiff New York Council only where the vacancies in question involve interim terms. We disagree. The trust agreement which is the subject of the instant dispute appears to have established a procedure whereby vacancies on the board of trustees will be filled by the board of trustees without consultation with, or input from, the nominating committee of the New York Council only where the vacancies concern candidates succeeding themselves — that is, "roll-overs". In all instances where the vacancies are to be filled by candidates who are not succeeding themselves, whether for an interim or a full term, the board of trustees must consider only those persons proposed by the nominating committee. However, the board of trustees has the authority to accept or reject, as it deems fit, the candidates supplied by the nominating committee and may request further names when it is not satisfied with those put forth by the nominating committee. Since the foregoing procedure was not followed in connection with those individuals selected as trustees to fill the vacancies created by the deaths of Admiral John J. Bergen and Admiral John M. Will, the election which occurred on or about December 11, 1981 should have been vacated in its entirety. Concur — Sullivan, J. P., Asch, Bloom, Fein and Milonas, JJ.